UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DERRELL SMITH,

                Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC.,

                Defendant.

------------------------------------------------------------X

Civil Action No.: 08-CIV-4700 (RMB)(DF)

**DEFENDANT, MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

      Defendant, MIDLAND CREDIT MANAGEMENT, INC., by and through its attorneys, PINO & ASSOCIATES, LLP, as and for its Answer To Plaintiff's Complaint ("Complaint"), respectfully alleges as follows:

      1.    Defendant admits that the Plaintiff purports to bring this action on his own behalf and behalf of a class for alleged damages, but denies the remaining allegations contained in Paragraph 1 of the Complaint.

      2.    Denied. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

      3.    Defendant admits that it is a debt collector as defined pursuant to 15 U.S.C. 1692a(6) with its principal place of business located at 8875 Aero Drive, Suite 200, San Diego, California 92123.

      4.    Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. 1331. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

238707.1

## AS AND FOR AN ANSWER TO PLAINTIFF'S FIRST CAUSE OF ACTION

5. In response to Paragraph 5 of the Complaint, Defendant repeats, realleges, and reiterates its responses to Paragraphs 1 through 4 as though fully set forth at length herein.

6. Defendant admits that a collection letter was sent to the Plaintiff dated December 20, 2007. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that on or about January 28, 2008, Defendant received a letter from Fagenson & Puglisi dated January 18, 2008 and postmarked January 23, 2008 and the terms of the letter speak for themselves. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Denied. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

## AS AND FOR AN ANSWER TO PLAINTIFF'S SECOND CAUSE OF ACTION

13. In response to Paragraph 13 of the Complaint, Defendant repeats, realleges, and reiterates its responses to Paragraphs 1 through 12 as though fully set forth at length herein.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

## AS AND FOR AN ANSWER TO PLAINTIFF'S THIRD CAUSE OF ACTION

15. In response to Paragraph 15 of the Complaint, Defendant repeats, realleges, and reiterates its responses to Paragraphs 1 through 14 as though fully set forth at length herein.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations as stated in the prayer.

18. Any allegation not admitted is denied.

TO THE EXTENT NOT EXPRESSLY ADMITTED HEREIN, ALL MATERIAL ALLEGATIONS OF THE COMPLAINT ARE DENIED.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that the Plaintiff has not suffered any actual damages as a result of the alleged acts and/or omissions of Defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

To the extent that any violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), or any other federal or state statute occurred, which Defendant expressly denies, said violation was unintentional and resulted from a bona fide error, notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

At all times, Defendant acted in good faith and without malice or intent to injure Plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The allegations contained in Plaintiff's Complaint are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from recovering any relief sought in the Plaintiff's Complaint based upon the Plaintiff's own conduct and admissions with respect to the debt at issue.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has waived his rights, if any, to recover the relief sought in the Complaint based upon the Plaintiff's own conduct and admissions with respect to the debt at issue.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Defendant has, at all material times with respect to Plaintiff, acted in good faith and complied fully with the FDCPA and all relevant federal and state laws.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

No damages can be awarded to Plaintiff to the extent that the damages allegedly suffered are not reasonably calculable or ascertainable.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

In the event that the Plaintiff is able to adequately plead a violation of the FDCPA, Plaintiff's entitlement to statutory damages is capped at $1,000 per action, not per violation of the FDCPA.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff did not request validation within thirty (30) days of the initial communication with the Defendant. 15 U.S.C. §1692g.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The October 26, 2007 initial collection letter fully comported with the FDCPA, including an effectively conveyed validation notice as required by 15 U.S.C. §1692g(a), providing:

(1)  the amount of the debt;

(2)  the name of the creditor to whom the debt is owed and the name of the original creditor;

(3)  a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Midland; and

(4)  a statement that if the consumer notifies Midland in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Midland would obtain

verification of the debt and a copy of such verification would be mailed to Plaintiff by Midland.

Plaintiff's January 18, 2008 letter requesting validation of the alleged debt was sent more than thirty (30) days after Midland Credit Management, Inc.'s October 26, 2007 initial contact with Plaintiff. Therefore, Plaintiff's Complaint fails to plead any claims upon which relief may be granted.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a finding by this Honorable Court reflecting the improper purpose of this action and is entitled to recover all reasonable legal fees and costs incurred in defending this action pursuant to 15 U.S.C. §1692k(a)(3).

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Defendant duly complied with the FDCPA and all relevant federal and state laws by promptly marking the subject debt "disputed" after receiving the letter dated January 18, 2008 from Fagenson & Puglisi.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional Affirmative Defenses as more information becomes available through discovery.

WHEREFORE, Defendant, MIDLAND CREDIT MANAGEMENT, INC., demands judgment dismissing the Plaintiff's Complaint on the merits herein, together with the costs and disbursements of this action and attorneys' fees, and for such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
       July 2, 2008

                                              Thomas E. Healy (TH 4340)
                                              Pino & Associates, LLP
                                              Westchester Financial Center
                                              50 Main Street
                                              White Plains, New York 10606
                                              Telephone: (914) 946-0600
                                              Facsimile: (914) 946-0650
                                              **Attorneys for Defendant**
                                              **MIDLAND CREDIT MANAGEMENT, INC.**

TO:    Novlette R. Kidd, Esq. (NK2552)(Via Regular U.S. Mail and Facsimile)
         FAGENSON & PUGLISI
         450 Seventh Avenue
         Suite 3302
         New York, New York 10123
         Telephone: (212) 268-2128
         **Attorney for the Plaintiff**
         **DARRELL SMITH**

## CERTIFICATE OF SERVICE

    Thomas E. Healy, certifies under penalty of perjury, that I am not a party to this action, I am over 18 years of age and reside in Yonkers, New York. That on the 2nd day of July, 2008, I served the attached **DEFENDANT, MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** via Regular First Class U.S. Mail and Facsimile upon:

Novlette R. Kidd, Esq. (NK2552)
FAGENSON & PUGLISI
450 Seventh Avenue
Suite 3302
New York, New York 10123

_____
THOMAS E. HEALY